IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JILL MERIWETHER, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 12-cv-9037 |
| | ) | |
| v. | ) | Hon. Rebecca R. Pallmeyer |
| | ) | Mag. Judge Arlander Keys |
| UNDERWRITERS LABORATORIES INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DEFENDANT'S ANSWER TO COMPLAINT**

Defendant Underwriters Laboratories Inc. ("UL" or "Defendant"), by and through counsel, submits its Answer to Plaintiff's Complaint. Defendant responds to the individually-enumerated paragraphs of the Complaint as follows:

1. This is an action for employment discrimination.

**ANSWER**: Defendant admits that Plaintiff purports to bring this action for employment discrimination. Defendant denies all remaining allegations contained in Paragraph 1 not expressly admitted.

2. The Plaintiff is Jill Meriwether of the county of Cook in the state of Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. The defendant is Underwriters Laboratories, whose street address is 333 Pfingsten Road, Northbrook, Cook, IL 60062.

**ANSWER**: Defendant admits the allegations contained in Paragraph 3.

4. The plaintiff sought employment or was employed by the defendant at 333 Pfingsten Road, Northbrook, Cook, IL 60062.

**ANSWER**: Defendant admits the allegations contained in Paragraph 4.

5. The plaintiff was hired and is still employed by the defendant.

**ANSWER**: Defendant admits that at certain times relevant to the Complaint, Plaintiff was an employee of Defendant. Answering further, Defendant states that Plaintiff is currently an employee of UL LLC. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 5.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) _____, (day) _____, (year) _____.

**ANSWER**: Defendant denies the allegations contained in Paragraph 6.

7. The defendant is not a federal government agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies: the United States Equal Employment Opportunity Commission, on or about May 20, 2010. If charges *were* filed with an agency indicated above, a copy of the charge is attached. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER**: Defendant admits that Plaintiff filed a charge of discrimination against Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies them.

8. The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on August 15, 2012 a copy of which Notice is attached to this complaint.

**ANSWER**: Defendant admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies them.

9. The defendant discriminated against the plaintiff because of the plaintiff's Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981).

**ANSWER**: Defendant denies the allegations contained in Paragraph 9.

10. If the defendant is a state, county, municipal (city town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER**: Defendant denies the allegations contained in Paragraph 10.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER**: Defendant admits that jurisdiction is proper in this Court. Except as expressly admitted, Defendant denies the allegations of Paragraph 11.

12. The defendant failed to promote the plaintiff.

**ANSWER**: Defendant admits the allegations in Paragraph 12.

13. The facts supporting the plaintiff's claim of discrimination are as follows: I began my employment with the Respondent (Underwriters Laboratories)

> on February 13, 1989. My current position is Project Handler III. I have been denied promotions to the next grade while other non-black employees were promoted. I have complained to the Respondent but to no avail. I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended. I am qualified to be promoted as I have competency skills equivalent to other promoted project handlers, proactively incorporate new skills, have extensive training and development attributes the others do not have, performed a wide variety of departmental functions, perform Test Report audits as the other promoted staff.

**ANSWER**: Defendant admits that Plaintiff began working for Defendant on or around February 13, 1989 and that she is currently employed by UL LLC as a Project Handler III. Except as expressly admitted, Defendant denies the allegations of Paragraph 13.

14. Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER**: Defendant denies the allegations of Paragraph 14.

15. The plaintiff demands that the case be tried by a jury.

**ANSWER**: Defendant admits that Plaintiff purports to demand a trial by jury. Answering further, Defendant states that Paragraph 15 states a legal conclusion to which no response is required. To the extent that Paragraph 15 contains factual allegations to which a response is required, Defendant denies them.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff: direct the defendant to promote the plaintiff; grant such other relief as the Court may find appropriate.

**ANSWER**: Defendant denies any and all factual allegations contained in Paragraph 16, and further denies that Plaintiff is entitled to any relief whatsoever

## ADDITIONAL DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to assert other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

2. Defendant's actions or omissions with respect to Plaintiff were justified by legitimate, non-discriminatory reasons.

3. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with any charge of discrimination she filed with the Equal Employment Opportunity Commission or other administrative agency.

4. Defendant acted in good faith and without any discriminatory motive, intent, malice or reckless disregard for Plaintiff's rights.

5. Plaintiff's claims are barred, in whole or in part, because even if some impermissible motive were a factor in any employment action with respect to Plaintiff, a claim that Defendant expressly denies, the same decisions would have been reached for legitimate, non-discriminatory business reasons.

WHEREFORE, Defendant Underwriters Laboratories Inc. demands judgment dismissing the complaint, with prejudice and on the merits, together with its costs and attorneys' fees incurred in this action, and such other and further relief as the Court may deem just and proper.

Dated: January 11, 2013

Respectfully submitted,

UNDERWRITERS LABORATORIES INC.


By:    /s/ Michael P. Roche_____
                One of Its Attorneys

Michael P. Roche
Jonathan E. Rosemeyer
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 588-5700

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that he caused a true and correct copy of the foregoing Answer to be served upon the following:

Jill Meriwether
2318 Nathaniel Place
Evanston, Illinois 60202

by U.S. mail, postage prepaid, this 11th day of January, 2013.



s/ Michael P. Roche